Pearson, J.
 

 The ground upon which his Honor based his opinion is not stated: In the argument two grounds were taken to, sustain it.
 

 It is clear that the withdrawal of the fund from the office, .and the application of it to his own use by Smith in December, 184tf, was a breach of the bond of 1846. But it is said that this breach was repaired, and the cause of action extinguished by the fact, that in July, 1848, Smith received back the whole amount of the fund in cash and good notes.
 

 If, after the misapplication, the fund had been actually paid over to the relators, that fact would have repaired the breach, to the extent of mitigating the damages to a mere nominal amount. It may be, that if the fund had been returned to the office and set apart specifically for the use of the relators, that fact would have mitigated the damages. But the simple fact, that Smith afterwards received back the amount of the fund in
 
 “
 
 cash and good notes,” cannot have the effect of extinguishing the cause of aetion, nor does it in any way tend to mitigate the damages. It is the same to the relators whether Smith squandered the money in the first instance, or received it back and afterwards squandered it: The success of his first speculation was to them a matter of perfect indifference. The misapplication of the fund was a breach of duty on the part of Smith, and gave the relators a cause of action : His receiving back the fund did not amount to retribution ; of course it could not amount to an extinguishment of the cause of action, and the injury stands unmitigated.
 

 It is said, in the second place, that the proceedings had in favor of the relators on the bond of 1848, is a bar to the present action: either under the plea of “former judgment,”
 
 *7
 
 or as a satisfaction of the damages. To sustain the plea of “former judgment,” it must be for the same cause of action, and between the same parties. That action was upon the bond of 1848, and the parties were not the same. If the judgment on the bond of 1848, had been paid off and satisfied, so as to be extinguished, it may be granted that this action could not have been maintained, in as much as the relators by it, seek to recover damages for, and in respect of the same subject matter, in regard to which damages had been recovered in the former action, and the relators would not be entitled to receive the damages a second time : but that consequence was guarded against by having the judgment assigned over: The effect of which is to prevent it from being satisfied or extinguished, and to keep it outstanding for the benefit of the surety who advanced the money to the trustee to whom it was assigned, so as to make the transaction a purchase of the judgment and not a satisfaction. This contrivance (if you please so to call it) by which sureties are enabled to protect themselves, and to take the benefit of all the liens and securities, and remedies to which the creditor has the right to resort, has been so long, and so often sanctioned by the Courts, that it has become settled law, and cannot now be drawn in question.
 

 This case is a striking instance, to show that the practice of taking assignments, so as to prevent bonds and judgments from being satisfied or extinguished, is in furtherance of justice. The fund was withdrawn from the office in 1841: there is no evidence that it was ever returned, and had the sureties upon the bond of 1848, been as well advised before, as they were after the judgment was obtained against them, no such judgment would have fallen, in the first instance, upon the present defendants, who are the sureties of 1846, and were bound at the time of the default of Smith. Justice requires that they should still bear the loss, to the relief of sureties who were not liable at the time of the breach.
 

 Venire de novo.
 

 Per Curiam.